IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| DWAYNE M. JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 03-508 |
| ) | Criminal Action No. 01-250 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### **MEMORANDUM OPINION**

This matter comes before the Court on Petitioner's Motion to vacate, set aside, or correct Petitioner's sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court will deny the Motion.

### I. Background

On July 5, 2001, Petitioner Jones and his co-conspirator, Khincey Nevell Barnes, were indicted on charges of conspiracy to commit carjacking, carjacking, use of a firearm during a crime of violence, possessing a firearm in a school zone, being a convicted felon in possession of a firearm and ammunition, and transporting a stolen vehicle across state lines.

On September 19, 2001, a jury returned a verdict finding Jones guilty of conspiracy to commit carjacking, carjacking, use of a firearm during a crime of violence, possession of a firearm by a convicted felon, and transporting a stolen vehicle across state lines. Petitioner was found not guilty of possession of a firearm in a school zone. The jury

could not reach a unanimous decision as to two of the three charges against Barnes.  Barnes was scheduled to be retried on October 24, 2001.  However, the government contends that two days prior to re-trial, the United States chose to dismiss the conspiracy charge against Barnes.  Petitioner claims that the charge was dismissed as to Barnes prior to their joint trial in September of 2001.  On October 25, 2001, a jury found Barnes guilty of aiding and abetting carjacking.

On November 30, 2001, the Court sentenced Petitioner to 346 months of imprisonment.  Petitioner appealed his conviction on December 5, 2001 raising two issues - the admission of identification evidence against him at trial and the sufficiency of the evidence adduced at trial.  The Court of Appeals for the Fourth Circuit affirmed Petitioner's conviction and sentence on July 15, 2002.  On April 17, 2003, Petitioner filed a Motion to vacate, set aside, or correct Petitioner's sentence pursuant to 28 U.S.C. § 2255.  This Motion is currently before the Court.

## II.  Standard of Review

Under 28 U.S.C. § 2255, a prisoner in federal custody may attack his sentence on four grounds: (1) that the sentence was imposed in violation of the Constitution or the laws of the United States, (2) that the court was without jurisdiction to impose the sentence, (3) that the sentence was in excess of the maximum authorized by law, or (4) that the sentence is otherwise

subject to collateral attack. 28 U.S.C. § 2255; *see also Hill v. United States*, 368 U.S. 424, 426-27 (1962). To prevail under § 2255, the movant bears the burden of proof by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *United States v. Sanders*, 247 F.3d 139, 144 (4th Cir. 2001) (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998). The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel. *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999).

To prove that ineffective assistance of counsel violates the Sixth Amendment, a petitioner must satisfy a two-pronged test established by the Supreme Court in *Strickland v. Washington*. 466 U.S. 668, 687 (1984); *Bell v. Evatt*, 72 F.3d 421, 427 (4th Cir. 1995), *cert. denied sub nom. Bell v. Moore*, 518 U.S. 1009 (1996). A petitioner must show that "(1) his counsel's performance fell below an objective standard of reasonableness in light of the prevailing professional norms, and (2) 'there is a reasonable probability that but for counsel's

unprofessional errors, the result of the proceeding would have been different.'" *Bell*, 72 F.3d at 427 (citing *Strickland*, 466 U.S. at 688).  If a petitioner fails to meet either requirement, his claim for ineffective assistance of counsel fails. *Strickland*, 466 U.S. at 697.  Furthermore, if a petitioner fails to make a sufficient showing on one prong of the test, the Court is not obliged to address the other prong.  *Id.* at 700.

### III.  Analysis

Petitioner raises five issues in his Motion: 1) the Court lacked proper jurisdiction to sentence him on the conviction for possession of a firearm by a convicted felon; 2) trial counsel was ineffective for not challenging the conspiracy charge based on the dismissal of the charge against his conspirator; 3) trial counsel was ineffective for not challenging the absence of any aider and abettor language in the indictment; 4) trial counsel was ineffective by failing to investigate and prepare for trial; and 5) trial counsel was ineffective in advising him not to testify.  The Court will address each of them in turn.

Firstly, the Petitioner is barred from claiming lack of jurisdiction.  Petitioner's claim is based on an argument that the government did not prove that his possession of a firearm affected interstate commerce.  Petitioner appealed his conviction to the Fourth Circuit and failed to raise this argument.

Accordingly, "[w]here a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'"  *Sanders*, 247 F.3d at 144 (4th Cir. 2001).

The Petitioner has not raised any proof of cause for or prejudice resulting from his decision not to raise this particular issue on direct appeal.  In support of this claim, Petitioner simply cites an array of cases regarding the legal requirement for proving an effect on commerce.  Petitioner claims that the government did not satisfy the legal standard.  However, all of the cases cited were decided prior to the time of Petitioner's appeal, and all were legal precedent even at the time of Petitioner's trial.  Petitioner also makes no allegations that ineffective assistance of counsel caused his procedural default.  Accordingly, Petitioner has failed to establish any cause for a procedural default.  Additionally, Petitioner does not rest this claim on an assertion of actual innocence.  Therefore, Petitioner's first claim is procedurally barred from review.

Petitioner's second argument asserts that because the conspiracy charge against Barnes was dropped, Petitioner cannot

alone be convicted and sentenced for conspiracy.[1]  Petitioner contends that he "cannot conspire against himself."  (Pet.'s Mot. 7.)  While conspiracy consists of two or more persons, a strategic decision to drop conspiracy charges as to one conspirator does not undermine a jury's unanimous decision that an agreement between two people was proven beyond a reasonable doubt.  Furthermore, although the Petitioner does not raise the issue specifically, the fact that the jury could not reach a verdict as to Barnes's conspiracy charge at trial does not render Jones's conviction invalid.  *See United States v. Thomas*, 900 F.2d 37, 40 (4th Cir. 1990) (rejecting the "rule of consistency" and thus allowing a conspiracy conviction to stand even when co-conspirators are acquitted in the same trial).  There is no legal authority for invalidating a conspiracy conviction where charges against a co-conspirator were subsequently dropped.  Accordingly, Petitioner's Motion regarding the conspiracy charge is denied.

Petitioner's third argument claims that he received ineffective assistance of counsel because his counsel failed to object to or challenge the absence of aider and abettor language in the indictment.  In his argument, Petitioner is obviously

---

[1] Petitioner contends that Barnes's conspiracy charge was dropped prior to trial; however, the government submitted an affidavit of Petitioner's counsel, Michael S. Arif, claiming that Barnes's conspiracy charge was dropped prior to Barnes's re-trial but after Jones's trial.  The government's position is further bolstered by the fact that the conspiracy charge was submitted to the jury as to Barnes, but the jury could not reach a verdict.  Regardless, the dispute about when the charge was dropped is irrelevant to the Court's analysis.

under the impression that he was charged as an aider and abettor for counts two and three rather than as the principal offender. Throughout the litigation, however, the government showed no signs of attempting to convict Petitioner as merely an aider and abettor to the offenses in counts two and three. The government charged and tried him as the principal offender, and therefore there Petitioner's counsel could not have challenged the indictment as omitting the aider and abettor language. It is unclear from where the Petitioner's confusion stems since the statutes cited within count two and count three do not include aider and abettor language. It is within the government's discretion to determine how to charge a defendant, and there are no grounds for asserting ineffective assistance of counsel for failure to persuade the government to charge otherwise.

Petitioner's fourth claim asserts that he received ineffective assistance of counsel as a result of defense counsel's failure to investigate and prepare for trial. Specifically, Petitioner contends that defense counsel never once investigated the site of the carjacking at the Holiday Inn Express Hotel in Wilson, North Carolina. Petitioner suggests that such an investigation could have helped discredit the testimony of Katherine C. Ely by highlighting reasons that her observations may not be accurate. Petitioner includes examples of such reasons as the position of the mini-van, the angle from

which Ely observed the suspect, and the size of the hotel's parking lot.  Furthermore, Petitioner faults his trial counsel for not subpoenaing any of the hotel employees who could also shed light on the size of the hotel parking lot and other elements of a potential defense.

Criminal defense counsel "possess[] a duty to conduct a pretrial investigation that is 'reasonable[] under prevailing professional norms.'"  *United States v. Roane*, 378 F.3d 382, 410 (4th Cir. 2004) (quoting *Strickland*, 466 U.S. at 688).  According to the elements of *Strickland*, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.  And a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments."  *Id.* at 409 (internal citations omitted).

In his affidavit of May 13, 2003, Michael S. Arif, defense counsel for Petitioner, admits to not visiting the situs of the initial carjacking in North Carolina.  He explains that the decision to forego investigation of the area was a result of the accurate identification of Petitioner by the young victim of the carjacking.  This decision must be evaluated for its reasonableness, while affording Arif substantial deference.

-8-

Firstly, any investigation of the parking lot itself would not render information regarding the position of the mini-van and Ely's angle of view that could not otherwise be elictied from testimony.  Secondly, Ely testified that she and Petitioner were in close enough contact for Petitioner to push her out of the vehicle.  *See* Joint Appendix p. 30.  Thus, any additional testimony regarding the size of the parking lot and the position of the car is unlikely to undermine her credibility for observing the perpetrator.  Therefore, a decision to forego travel to and investigation of the physical scene of the hotel parking lot in North Carolina is reasonable.  Likewise, choosing not to subpoena any hotel employees to elicit information on the size of the parking lot is also reasonable.

Petitioner's fifth and final claim suggests that he was subject to ineffective assistance of counsel because his counsel "was adamant about petitioner not testifying on his own behalf." (Pet.'s Mot. 12.)  Indeed, "[i]t is well established that the defendant has the right to testify on his own behalf, a right [that is] essential to our adversary system."  *Riggins v. Nevada*, 504 U.S. 127, 144 (1992).  Petitioner alleges that, if given the opportunity, he would have testified about the lack of fingerprints on the stolen car and on the gun found inside the car.  He also would have stated that the victim of the robbery said that he did not know the true identity of the perpetrator.

Even assuming that these statements could have been admitted in spite of evidentiary rules regarding personal knowledge and hearsay, all of this testimony could have been elicited from witnesses other than the Petitioner. As such, even construed liberally, these statements do not come near to satisfying Petitioner's burden of showing that counsel's alleged refusal to allow him to testify resulted in his conviction. Stating that "petitioner could have rebutted the government's case in chief by contradiction" is conclusory and general and similarly does not satisfy Petitioner's burden. (Pet.'s Mot. 12.)

Furthermore, advice that it is in the best interest of the defendant not to testify, even if relayed adamantly, is not improper and does not rise to the level of ineffective assistance of counsel. The Fourth Circuit considered this scenario in detail:

> the advice provided by a criminal defense lawyer on whether his client should testify is "a paradigm of the type of tactical decision that cannot be challenged as evidence of ineffective assistance." *Hutchins v. Garrison*, 724 F.2d 1425, 1436 (4th Cir. 1983), *cert. denied*, 464 U.S. 1065, 79 L. Ed. 2d 207, 104 S. Ct. 750 (1984); *see also Jones v. Murray*, 947 F.2d 1106, 1116 n.6 (4th Cir. 1991) (reiterating principle that advice to testify is paradigmatic of strategic decision); *Rogers-Bey v. Lane*, 896 F.2d 279, 283 (7th Cir. 1990) (concluding that counsel's advice not to testify, based in part on erroneous belief that defendant could be impeached by prior conviction, was not deficient performance); *Reyes-Vejerano v. United States*, 117 F. Supp. 2d 103, 108-09 (D.P.R. 2000) ("Absent evidence of coercion, legal advice concerning the defendant's right to testify does not constitute [ineffective assistance of counsel].").

*Carter v. Lee*, 283 F.3d 240, 249 (4th Cir. 2002). In light of this precedent and the fact that even if the Court assumes that Petitioner's counsel prevented him from testifying, Petitioner still does not satisfy the second prong of the *Strickland* standard, the Court finds that Petitioner's fifth claim is meritless.

### IV.   Conclusion

For the foregoing reasons, Petitioner's Motion to vacate, set aside, or correct Petitioner's sentence pursuant to 28 U.S.C. § 2255 will be denied. An appropriate Order will issue.

June _1__, 2006              _____/s/_____
Alexandria, Virginia                  James C. Cacheris
                             UNITED STATES DISTRICT COURT JUDGE